**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WADLEY DEERE,<br><br>                 Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner, Social Security<br>Administration,<br><br>                 Defendant. | Case No. 12-CV-365-FHM |

**OPINION AND ORDER**

Plaintiff, Wadley Deere, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment

for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 55 years old on the alleged date of onset of disability and 56 on the date last insured, December 31, 2003. He has a high school diploma and four years of college studies and formerly worked as a case worker at an Indian Tribe, and as a construction worker. He claims to have been unable to work since April 1, 2003 as a result of diabetes, problems standing and walking due to diabetic neuropathy, coronary artery disease, post traumatic stress disorder, and obesity.

Plaintiff applied for disability benefits on June 5, 2005, alleging an onset of disability of April 1, 2003. The application was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on November 17, 2007. A denial decision was issued and the matter was appealed to the district court. On the Commissioner's motion, the matter was remanded for further consideration. A second hearing was held on January 16, 2010, another denial decision was issued and another appeal was taken to the district court. The court issued an order remanding the case for further consideration. [R. 2152]. A third hearing was held on April 2, 2012. ALJ David W. Engel issued the decision that is the subject of this appeal. [R. 2108-2147]. Exceptions were not filed and the Appeals Council did not assume jurisdiction. The April 27, 2012

denial decision is therefore the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.984(d).

## The ALJ's Decision

The ALJ determined that during the relevant time period, April 2003 through December 31, 2003, Plaintiff was able to perform a full range of light and sedentary exertion work with some postural limitations. He was able to understand, remember, and carry out simple through detailed instructions in the work-related setting and was able to interact with co-workers and supervisors under routine supervision. [R. 2116-17]. The ALJ found that, through the date last insured, Plaintiff was capable of performing his past relevant work as a case manager. Alternatively, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that: the ALJ's rejection of testifying medical expert Dr. Krishnamurthi's opinion is not supported by substantial evidence; the ALJ's finding regarding Plaintiff's credibility is not supported by substantial evidence; and the ALJ's RFC assessment is not supported by substantial evidence.

The parties agree that Plaintiff must prove that he was disabled for a 12 month period, between April 1, 2003 and December 31, 2003, and continuing thereafter. This appeal challenges only the ALJ's evaluation of Plaintiff's physical abilities.

## Analysis

### Rejection of Dr. Krishnamurthi's Opinion

Dr. Krishnamurthi testified as a medical expert at the 2007 hearing and again at the 2010 hearing. At the 2007 hearing Dr. Krishnamurthi opined that Plaintiff could sit 6 hours out of an 8 hour workday and could stand and walk together a maximum of 2 hours in an 8 hour workday. [R. 530-31]. At the 2010 hearing he opined that Plaintiff could sit up to 6 hours in an 8 hour workday and stand and walk up to 4 hours in an 8 hour workday. [R. 2091-92]. Following remand from the district court the ALJ was directed to "enter factual findings to reconcile Dr. Krishnamurthi's conflicting testimony." [R. 2108].

The ALJ offered the following about Dr. Krishnamurthi's conflicting testimony:

> With respect to the medical opinions expressed by Dr. Krishnamurthi, the undersigned gives some weight to the testimony he furnished in January of 2010, to wit, that the claimant can stand and walk up to 4 hours in an 8 hour workday, sit up to 6 hours in an 8 hour workday with some postural limitations. Otherwise, the undersigned gives very little weight to the other opinions offered by him. Dr. Krishnamurthi's 2007 testimony and opinion, that the claimant could sit 6 hours in an 8-hour workday and stand or walk up to 2 hours in an eight-hour workday with other postural limitation, is given little weight became it appears to have focused on a time period well after the DLI. After a considered analysis of the claimant's medical records, the undersigned finds no reason to limit the claimant to standing or walking less than was supplied in the above-RFC. This finding is based upon the claimant's level of physical activities as of the DLI. Moreover, the undersigned gives little weight to Dr. Krishnamurthi's 2010 testimony and opinion about the claimant's environmental limitations because the claimant's

> own testimony about his outdoor activities (golfing, hunting, fishing, and traveling) indicates that temperature was not an issue for him as of the DLI.

[R. 2142-43]. Plaintiff argues the ALJ's rejection of Dr. Krishnamurthi's opinion on the basis that it focused on a time period after the date last insured is not supported because the doctor made it clear that he was considering Plaintiff's abilities during 2003 at both hearings. The court finds that the ALJ's explanation for his rejection of Dr. Krishnamurthi's 2007 RFC opinion is supported by the record.

Dr. Krishnamurthi's testimony in 2007 contains a somewhat rambling summary of Plaintiff's medical history, including records from 2003, 2004, 2006, and 2007. [R. 528-530]. Dr. Krishnamurthi states he is "going to give a RFC during, before 2003." [R. 530]. Then he proceeds to give a rambling RFC which seems to suggest a two hour limit on standing and walking, but the testimony contains several qualifiers and thus is not particularly clear:

> Dr.: He will be able to sit six hours out of an eight-hour day; he would be able to stand and sit together a maximum of –
>
> ALJ: Stand and walk you mean?
>
> Dr.: Huh?
>
> ALJ: Stand and walk?
>
> Dr.: Walk, yeah, actually two hours would be – and he could be – but, but then he can, there's no problem with the kind of lift or the grasping and, yeah, I'm going to put positional, postural limitations for occasional and the bending, stooping, crawling and the reaching would be frequent and doing that could cause him – cause a little fatigue which is he had he was telling us. And also he had high blood pressure, so I think – and the, also it is possible that it is reasonable to say that he might during an eight-hour period, the regular period one or two breaks due to the tiredness, sit down to 15 minutes, it

> might cause fatigue and low blood sugar can cause that. It's possible.

[R. 530-31]. Having reviewed the quoted testimony in context with Dr. Krishnamurthi's summary of the medical records, the court finds that the ALJ's statement that Dr. Krishnamurthi 's opinion "appears to have focused on the time period well after the DLI," [R. 2143], is a reasonable conclusion to draw from the whole of his testimony and is supported by substantial evidence.

At the 2010 hearing Dr. Krishnamurthi testified that Plaintiff could walk and stand for four hours out of a workday. Plaintiff's attorney pointed out to Dr. Krishnamurthi that he had previously indicated that Plaintiff could walk and stand for a maximum of two hours. Plaintiff's attorney asked about the cause of the discrepancy. [R. 2092]. Dr. Krishnamurthi noted that Plaintiff had a stent placed in August of 2003,[1] and after that time frame there were no real complaints. *Id*. In his summary of the medical record, the ALJ noted that on September 19, 2003, Plaintiff's cardiologist found Plaintiff to be chest pain free, without shortness of breath and that he returned to "usual activities without restrictions." [R. 2129]. That statement is supported by the record.

At the 2010 hearing Plaintiff's attorney also directed Dr. Krishnamurthi's attention to a July 23, 2002, x-ray of the hip and lumbar sacral spine which showed degenerative disc disease at L3/4 and L3/S1. Counsel asked Dr. Krishnamurthi if he considered arthritis in his RFC. The transcript reflects the following reply:

---

[1] The transcript of the hearing reflects that Dr. Krishnamurthi stated the date was August 2002. That appears to be a typographical error as the discussion centered around 2003 and the medical record reflects the stent was placed on August 29, 2003. [R. 736].

> ME:[2]   [INAUDIBLE] pain, and the [INAUDIBLE] pain, possible medical [INAUDIBLE]. Now, they probably, I'd like to add that he may, that the arthritis in the back [INAUDIBLE] sedentary RFC, only limited to sit, he should be able to stand and walk together two hours in a [INAUDIBLE].
>
> ATTY:    So, again you're back to your earlier RFC?
>
> ME:    Yeah.

[R. 2095]. Plaintiff asserts that by this testimony in 2010 Dr. Krishnamurthi again offered the opinion that Plaintiff was limited to standing and walking two hours. [Dkt. 24, p. 5]. In his reply brief Plaintiff argues that the ALJ ignored the testimony, that considering Plaintiff's arthritis, Dr. Krishnamurthi adopted his earlier opinion that Plaintiff was limited to two hours a day of standing and walking. [Dkt. 26, p. 1]. The court finds that, although the ALJ did not specifically mention it, the ALJ did not ignore this testimony.  In summarizing Dr. Krishnamurthi's 2010 opinion, the ALJ noted that Dr. Krishnamurthi was asked if he considered x-rays of Plaintiff's back and hips and Dr. Krishnamurthi responded that the record indicated some positive findings, but no further treatment for the condition. [R. 2126]. The ALJ's summary of Dr. Krishnamurthi's opinion is accurate. [R. 2094-2095].

In rejecting the two-hour limitation, the ALJ stated: "[a]fter a considered analysis of the claimant's medical records, the undersigned finds no reason to limit the claimant to standing or walking less than as supplied in the above-RFC. This finding is based upon the claimant's level of physical activities as of the DLI." [R. 2143]. The court finds that the ALJ's consideration of the medical records and Plaintiff's physical activity level is a sufficient basis for the rejection of the two-hour walking and standing limitation. The court

---

[2] ME means medical expert.

notes that Plaintiff has not identified any records that reflect complaints of, or treatment for, an arthritis-related condition or back pain. The bare existence of some findings on x-ray, does not necessitate the finding of the existence of a functional limitation in the ability to walk and stand. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The ALJ's finding that the medical evidence failed to support limitations related to arthritis and back pain is supported by substantial evidence.

Plaintiff argues that the ALJ erred in considering his outdoor activities such as golfing, hunting, fishing, and taking trips as well as his work performing duties as a head deacon as a basis for rejecting Dr. Krishnamurthi's opinion. According to Plaintiff, those activities were actually less strenuous than the ALJ thought and they do not demonstrate Plaintiff could do the required standing and walking on a sustained basis. Plaintiff states: "Dr. Krishnamurthi's opinion was that Plaintiff could stand and walk but those activities would be limited if done on a sustained basis." [Dkt. 24, p. 8]. An RFC is the capacity for

performing work on a regular and continuing, or sustained basis, so use of the term encompasses the concept of sustained effort. However, there was no discussion about sustained effort as Plaintiff implies. It is completely appropriate for the ALJ to take Plaintiff's activities into account in assessing Dr. Krishnamurthi's opinion. The court finds no error in the ALJ's rejection of Dr. Krishnamurthi's opinion that Plaintiff was limited to two hours of walking and standing per day on the basis of Plaintiff's activities.

In summary, at the 2010 hearing Dr. Krishnamurthi testified that considering Plaintiff's medical records in 2003, it was his opinion that after the September 2003 stent placement Plaintiff had an RFC for walking and standing four hours per day. [R. 2-91-92]. When an x-ray demonstrating disc degeneration and arthritis was considered, Dr. Krishnamurthi noted the lack of complaints related to arthritis, but seemed to alter his RFC opinion to walking and standing two hours a day. [R. 2094-95]. The ALJ rejected the limitation to walking and standing two hours a day because that limitation was not supported in the medical record and further because Plaintiff's activities demonstrated a greater ability than that. [R. 2143]. The court finds no error in the ALJ's rejection of Dr. Krishnamurthi's opinion that Plaintiff was limited to two hours of standing and walking in 2003.

### Credibility

Plaintiff acknowledges that a significant portion of the ALJ's credibility finding was related to mental allegations. The only part of the credibility determination being contested is related to Plaintiff's allegations about his ability to stand and walk.

Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). The Commissioner is

entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). The ALJ identified numerous reasons for finding Plaintiff's allegations of an inability to walk and stand were not credible. The ALJ discussed Plaintiff's participation in fairly strenuous hobbies such as hunting deer, squirrel, and rabbit with a bow and arrow; the lack of treatment for back pain; the inconsistency of Plaintiff's statements from one hearing to another; and the inconsistency between Plaintiff's statements to medical care providers and his testimony all as reasons that detracted from his credibility. [R. 2136-2138, 2144].

Plaintiff argues that the ALJ made assumptions about his activities that are not supported by the record, and as a result the case should be remanded for a credibility analysis. Assuming, for the sake of argument, that the ALJ was completely wrong about the amount of effort required for Plaintiff to perform some of his activities, the remaining factors discussed by the ALJ about Plaintiff's credibility support the credibility determination. The court finds that the ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record.

## **Residual Functional Capacity (RFC)**

Plaintiff argues that the RFC finding is not supported by substantial evidence. In support of this argument Plaintiff reiterates his contentions that the ALJ disregarded his arthritis and related limitations, made unsupported assumptions about Plaintiff's activities, and disregarded Dr. Krishnamurthi's opinion. The court has addressed these contentions

in some detail.  In addition, the court notes that Plaintiff has not pointed to any arthritis-related complaints during the relevant time frame that would support functional limitations. The court finds that the RFC is supported by substantial evidence.³

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 16th day of August  2013.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

³ The court declines to address the issue of transferability of skills discussed by the Commissioner in her response brief and Plaintiff's reply brief.  The question of transferability of skills played no part in the denial decision.